UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    Betsy C. Strickner,　　　　　　　　　　　　Bankruptcy Case No. 16-20831-PRW
    aka Besty Claire Strickner,　　　　　　　　Chapter 13
    aka Betsy Strickner,

        Debtor.

## DECISION AND ORDER
## GRANTING MOTION OBJECTING TO CLAIM

PAUL R. WARREN, United States Bankruptcy Judge

    On January 9, 2017, Family First of NY Federal Credit Union ("Family First") filed a proof of claim, asserting a general unsecured claim of $22,778.55. The claim represents the deficiency remaining after the liquidation sale of the Debtor's ("Strickner") automobile in which Family First had a perfected security interest. (Claims Register, Claim No. 12). The Trustee has objected to the Family First claim, under 11 U.S.C. § 502(b)(9), because the bar date for filing claims expired on November 14, 2016. (ECF No. 41). In response, Family First asserts that the Debtor's inclusion of the obligation to Family First in her schedules, coupled with the Court's granting of stay relief to Family First before expiration of the claims bar date, should be treated as an informal proof of claim. (ECF No. 45 ¶ 10).

    Because the necessary elements for Family First to establish the existence of an informal proof of claim are lacking, the Trustee's Objection is **SUSTAINED** and his motion is **GRANTED**. The proof of claim of Family First is **DISALLOWED** under 11 U.S.C. § 502(b)(9).

# I.

# JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157(a), 157(b)(1), and 1334(b). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (B). This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Rule 7052 of the Federal Rules of Bankruptcy Procedure ("FRBP").

# II.

# QUESTION PRESENTED

Did the Debtor's acknowledgment of the Family First debt in the schedules filed with her bankruptcy petition, coupled with the fact that the Court granted Family First's motion to lift the automatic stay before passage of the claims bar date, operate to establish a timely informal proof of claim for the deficiency remaining after liquidation of the collateral? Here, the answer is no.

# III.

# FACTS

The facts are straightforward and undisputed. On July 19, 2016, Strickner filed a voluntary petition under chapter 13 of the Bankruptcy Code. (ECF No. 1). In Schedule D of her bankruptcy petition, Strickner listed a debt of $33,446.00 to Family First, secured by a 2015 Chrysler 200 that had been repossessed, but not yet liquidated. (*Id.* at 19). Family First was also included in the mailing matrix attached to the petition. (*Id.* at 2). Creditors were notified that the deadline to file a proof of claim was November 14, 2016. (ECF No. 13 at 2).

On July 28, 2016, Family First filed a motion for stay relief, requesting an order to allow Family First to enforce its lien on the Chrysler. (ECF No. 17). The motion was quite specific in

requesting that the automatic stay be lifted to permit Family First to enforce its lien. (*Id.*, prayer for relief). The motion did not mention the possibility of a deficiency balance, nor did it indicate an intention to look to the estate or the Debtor for any shortfall. (*Id.*). The Court granted Family First's motion for stay relief. (ECF No. 25). After the bar date passed, Family First filed a proof of claim in the amount of $22,778.55—the remaining amount owed on Strickner's car loan after an auction sale of the Chrysler. (Claims Register, Claim No. 12).

Strickner's chapter 13 plan was confirmed on April 3, 2017. (ECF No. 38). On May 11, 2017, the Trustee objected to the Family First proof of claim as untimely. (ECF No. 41). Family First opposes the Trustee's motion, arguing that it should be deemed to have filed an informal proof of claim. (ECF No. 45).

## IV.

## CONCLUSIONS OF LAW

A creditor must file a proof of claim in order to receive a distribution under a chapter 13 plan. Fed. R. Bankr. P. 3021 ("distribution shall be made to creditors whose claims have been allowed"); *In re Dumain*, 492 B.R. 140, 143 (Bankr. S.D.N.Y. 2013). "As a general rule, a secured creditor in a chapter 13 case is not required to file a proof of claim [and] may choose to ignore the bankruptcy proceeding and look to its lien for satisfaction of the debt." *In re Dumain*, 492 B.R. at 143 (quoting *In re Hogan*, 346 B.R. 715, 719 n.7 (Bankr. N.D. Tex. 2006)).

The Bankruptcy Code imposes a requirement that every claim be filed timely. *See* 11 U.S.C. § 502(b)(9); Fed. R. Bankr. P. 3002(c). A creditor must file a proof of claim "not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code." Fed. R. Bankr. P. 3002(c). Here, the first date set for the meeting of creditors was August 15, 2016. (ECF No. 12). The deadline to file proofs of claim was November 14, 2016.

3

(ECF No. 13). Family First does not allege that its claim was timely. Instead, Family First contends that Strickner's acknowledgment of the debt in her petition, coupled with Family First's motion for stay relief and subsequent Order granting stay relief, "serve as a sufficient informal proof of claim." (ECF No. 45 ¶ 10).

### A. Listing the Debt in the Petition Did Not Give Rise to an Informal Proof of Claim.

Writings not originally intended as a proof of claim may constitute an informal proof of claim under the Code. 4 *Collier on Bankruptcy* ¶ 501.01[3][e] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). "Whether a filed document constitutes an informal proof of claim depends upon whether it makes a demand upon the estate and expresses an intent to hold the estate liable." *In re Dana Corp.*, Case No. 06-10354 (BRL), 2008 Bankr. LEXIS 2241, at *7 (Bankr. S.D.N.Y. July 23, 2008). In other words, does the informal proof of claim assert a claim against the estate and an intention to share in the distribution of the estate's assets? *See id.*

In order to constitute an informal proof of claim, a filing must: "(1) have been timely filed with the bankruptcy court and have become part of the judicial record; (2) state the existence and nature of the debt; and (3) state the amount of the claim against the estate, and (4) evidence the creditor's intent to hold the debtor liable for the debt." *Id.* at 7-8 (citing *In re Enron Corp.*, 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007)); *see also In re King*, No. 09 Civ 752 (BSJ), 2011 U.S. Dist. LEXIS 2379, at *2-3 (S.D.N.Y. Jan. 7, 2011).

An informal proof of claim is not established by the inclusion of a debt in a chapter 13 debtor's schedules. *In re Dumain*, 492 B.R. at 149. Inclusion of a debt in the debtor's schedules fails to satisfy the fourth prong of the *Dana* test. A debtor's listing of a debt in the schedules does not "evidence *the creditor's intent* to hold the debtor liable for the debt." *Id.* (emphasis

added). The creditor must make a demand. It is not enough for the creditor to "sit idly by." *Id.* (citing *In re Harper*, 138 B.R. 229, 248 (Bankr. N.D. Ind. 1991)). Strickner listed the debt to Family First in Schedule D of the bankruptcy petition. But, that fact alone does not carry the day for Family First.

### B. Granting Family First's Motion for Relief from Stay Does Not Operate as an Informal Proof of Claim.

Family First attempts to cobble together an informal proof of claim by arguing that Strickner's scheduling the Family First debt, coupled with the fact that the Court granted Family First stay relief before the bar date—so that it could liquidate its collateral—should be treated as an informal claim, so that Family First can participate in the distribution to general unsecured creditors.

A motion for relief from stay may be considered an informal proof of claim where it satisfies the *Dana* four prong test. *See In re King*, 2011 U.S. Dist. LEXIS 2379, at *3; *In re Dana Corp.*, 2008 Bankr. LEXIS 2241, at *8-9. But, "[w]here a motion for relief from stay fails to set forth an intent to seek recovery from the debtor's estate it will not constitute an informal proof of claim." *In re Dana Corp.*, 2008 Bankr. LEXIS 2241, at *8-9 (citing *In re Glick*, 136 B.R. 654, 657 (Bankr. W.D. Va. 1991)); s*ee also In re King*, 2011 U.S. Dist. LEXIS 2379, at *2-3 (affirming the bankruptcy court's determination that the motion for relief from stay failed to satisfy the third and fourth *Dana* factors where the motion offered a somewhat vague valuation of the property that was the subject of the motion and where the appellants never expressed an intent—in the motion—to hold the appellees liable for the debt).

In its motion for stay relief, Family First requested an order lifting the stay—so it could liquidate its collateral—and requiring Strickner to disclose the location of the vehicle. (ECF No.

5

17). The Order—drafted by Family First—granting that motion lifted the stay "[to allow] Family First Credit Union to enforce its security interest in and to the debtor's 2015 Chrysler 200." (ECF No. 25). The Court struck the decretal paragraph requiring Strickner to disclose the location of the vehicle. (*Id.*). The motion for stay relief did not evidence an intent to seek to recover from the bankruptcy estate any unsecured deficiency claim that Family First may have against Strickner once the vehicle was sold. *See In re Dana Corp.*, 2008 Bankr. LEXIS 2241, at *8-9. In fact, the motion was silent as to any potential deficiency claim, as was the Order granting stay relief. Family First has failed to establish the existence of an informal proof of claim, arising out of the filing and granting of its motion for stay relief, because the third and fourth *Dana* factors are not satisfied. On these facts, it is just too much of a stretch to find that Family First has satisfied the *Dana* test.

## VI.

## CONCLUSION

The Trustee's motion objecting to the proof of claim of Family First is **GRANTED**. Claim No. 12 is **DISALLOWED** as untimely, under 11 U.S.C. § 502(b)(9).

IT IS SO ORDERED.

DATED: June 19, 2017 _____/s/_____
       Rochester, New York        HON. PAUL R. WARREN
                                          United States Bankruptcy Judge